UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JASON RAY CLARK,<br><br>Plaintiff,<br><br>v.<br><br>CLAYTON HOMES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 3:26-CV-240-TAV-DCP |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on defendant's Motion to Dismiss [Doc. 9]. Defendant moves the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, Rule 12(b)(6) [*Id.*]. Plaintiff has not responded to this motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.1(a). For the reasons stated below, the Court will **GRANT** defendant's motion to dismiss [Doc. 9], and this case will be **DISMISSED**.

## I. Background

In his *pro se* complaint, plaintiff states that Dr. Jeffrey Ray Clark, his father, left his Centennial, Colorado, home for a ride on his dirt bike on April 30, 2025, around noon [Doc. 1, p. 4]. After it became dark and Dr. Clark had not returned home, Dr. Clark's wife and plaintiff contacted the Aurora Police Department ("APD") [*Id.*]. The next day, the APD, using a drone, located Dr. Clark in a field about one to two miles from his residence [*Id.*]. Dr. Clark was deceased [*Id.*]. The APD police report provided that Dr. Clark had hit a wire fence that was strung across a bike path and noted that the area was private property owned

by Clayton Homes, Inc. of Berkshire Hathaway Companies [*Id.*]. Plaintiff claims that, unbeknownst to Dr. Clark, the wire fence had been recently placed across the bike path "with no signage, no markings, and nothing to identify its danger" [*Id.*]. Plaintiff provides that, prior to his father's passing, there were no signs related to trespassing at the path's entry, and there was no fence or gate to prevent entry [*Id.*]. Plaintiff further submits that the Clark Family had been using the entry where the fence was located for decades to access a dirt bike area "long before it was presumed to be private property" [*Id.*].

Plaintiff argues that placing a fence with no signage or warnings across a well-known dirt bike path is negligent, and that this negligence by defendant directly caused the wrongful death of Dr. Clark [*Id.* at 4–5]. Additionally, plaintiff states that the death of Dr. Clark has caused "immense emotional distress, pain, and suffering" to him as well as the entire Clark family [*Id.* at 5]. Plaintiff requests $10 million in relief [*Id.*].

Defendant moves for this case to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, Rule 12(b)(6) [Doc. 9].[1] As noted above, plaintiff did not respond to defendant's motion to dismiss, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a). Under this Court's local rules, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. "However, the Sixth Circuit has determined that a district court abuses its discretion when it 'dismiss[es] [a] complaint solely for [a plaintiff's] failure to respond to defendants'

[1] In its motion to dismiss, defendant discusses two other actions filed by Dr. Clark's wife arising out of these same alleged facts, including one in this jurisdiction [*See* Doc. 9, pp. 3–4]. Given the Court's ruling *infra*, the Court does not find the need to discuss these actions in detail.

motion to dismiss.'" *Alaniz v. Stephens*, No. 2:23-CV-77, 2023 WL 12225260, at *1 (E.D. Tenn. Nov. 2, 2023) (alteration in original) (quoting *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)); *accord Gwynn v. Werfel*, No. 2:24-CV-2105, 2026 WL 2172342, at *3 n.4 (W.D. Tenn. July 28, 2026) (collecting cases) (noting that courts in this Circuit "routinely rule on unopposed motions to dismiss on the merits"). Accordingly, the Court will address defendant's motion to dismiss on the merits.

## II. Standard of Review[2]

Rule 12(b)(1) permits a party to seek dismissal based on a lack of subject matter jurisdiction. "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A facial attack is a challenge to the sufficiency of the pleading itself." *Id.* In considering whether jurisdiction has been established on the face of the pleading, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)).

"A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Id.* In considering whether jurisdiction has been proved as a matter of fact, "a trial court has wide discretion to allow affidavits, documents, and even a limited

---

[2] Although defendant brings its motion to dismiss under Rule 12(b)(6) in the alternative, the Court does not find the need to include the standard of review for Rule 12(b)(6) given the conclusion reached *infra*.

evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In evaluating a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598 (internal citation omitted).

Here, defendant states that it makes a factual challenge to the existence of subject-matter jurisdiction [Doc. 9, p. 6] as it relies on evidence outside of the complaint [*See* Doc. 9-1].[3]

## III. Analysis

Defendant contends that the Court should dismiss plaintiff's complaint because plaintiff lacks Article III standing, "meaning that the Court lacks subject-matter jurisdiction over this action" [Doc. 9, p. 8 (citations omitted)].

"Standing is a jurisdictional requirement." *State ex rel. Tenn. Gen. Assembly v. United States Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019) (citation omitted). "If no plaintiff has standing, then the court lacks subject-matter jurisdiction." *Id.* (citation omitted). The "irreducible constitutional minimum" of Article III standing requires a plaintiff to demonstrate (1) "injury in fact," (2) a "causal connection" between the injury and complained-of conduct, and (3) a likelihood "that the injury will be redressed by a

---

[3] Defendant submits and relies upon an affidavit from Linda Ponce, its Assistant Secretary and Vice President of Corporate Tax for CMH Services, Inc., which is a wholly owned subsidiary of defendant [Doc. 9, p. 5; Doc. 9-1 ¶ 2]. Ms. Ponce provides that she is "personally familiar with [plaintiff's] affairs" and "all the real and personal property holdings of [plaintiff] and its various direct and indirect operating subsidiaries" [Doc. 9-1 ¶ 3].

favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). In satisfying the causation prong, "[t]he plaintiff also must show that the alleged injury is not 'th[e] result [of] the independent action of some third party not before the court.'" *Vanderbilt Univ. v. Nat'l Lab. Rels. Bd.*, No. 3:24-CV-1301, 2024 WL 5109420, at *20 (M.D. Tenn. Dec. 12, 2024) (alteration in original) (quoting *Durham v. Martin*, 905 F.3d 432, 434 (6th Cir. 2018)).

First, defendant asserts that plaintiff's alleged injury is not "fairly traceable" to defendant's conduct, and therefore, the second element of standing cannot be met [Doc. 9, pp. 8–9]. Specifically, plaintiff's case centers on Dr. Clark's death which resulted from hazards located on real property in Colorado; however, defendant "is a holding company that does not own real property in Colorado" [*Id.* at 9 (quoting Doc. 9-1 ¶ 4)]. Moreover, defendant "has never owned, leased, rented, occupied, controlled, or had the right to own, lease, rent, occupy, or control, any real or personal property in Colorado" [*Id.* (quoting Doc. 9-1 ¶ 5)]. Accordingly, because defendant "had no involvement in the events" alleged, plaintiff cannot establish that his alleged injury is "fairly traceable" to defendant's conduct [*Id.* at 9–10 (quoting Doc. 9-1 ¶ 6)].

Defendant further asserts that plaintiff cannot establish redressability because plaintiff has sued the wrong defendant [*Id.* at 10]. In other words, because defendant has established that it was not responsible for Dr. Clark's death, this Court cannot redress plaintiff's alleged harm in this instant action [*Id.*].

Plaintiff bears the burden of establishing standing. *Lujan*, 504 U.S. at 561; *Cob Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc.*, 362 F.3d 877, 881 (6th Cir. 2004); *Swint v. Fultano's Pizza*, No. 5:23-cv-1556, 2023 WL 5893370, at *1 (N.D. Ohio Sept. 11, 2023). Yet, plaintiff has not responded to defendant's motion or produced any evidence for the Court to weigh against the affidavit submitted by defendant. Thus, weighing the evidence the Court has before it, the Court finds that it lacks subject-matter jurisdiction over this case. Specifically, defendant has provided, via sworn affidavit, that it does not conduct any business or own any property in Colorado, and therefore, defendant could not have caused the injury plaintiff alleges [Doc. 9, pp. 8–10; Doc. 9-1, ¶¶ 4–6].

Further, and in consideration of any subsidiaries defendant might own or control [*see* Doc. 9, p. 6 (quoting Doc. 9-1 ¶ 4)], the Court notes that parent corporations are generally "not liable for the acts of its subsidiary, even if its subsidiary is wholly owned." *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724 (6th Cir. 2008) (citations omitted); *accord Williams v. Porter Bancorp, Inc.*, 41 F. Supp. 3d 676, 682 (W.D. Ky. 2014). Accordingly, finding that defendant has presented competent evidence demonstrating to the Court that plaintiff's injury is neither traceable to defendant nor redressable by a decision against it, defendant's motion to dismiss [Doc. 9] will be **GRANTED**.

## IV. Conclusion

Accordingly, for the reasons set forth above, defendant's motion to dismiss [Doc. 9] is **GRANTED**, and this case will be **DISMISSED without prejudice** for lack of

subject-matter jurisdiction. Defendant's motion to stay discovery [Doc. 18] is therefore **DENIED as moot**. A separate order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE